In re AMERICAN HONDA MOTOR CO., INC., OIL FILTER PRODUCTS LIABILITY LITIGATION

Walter Yasensky v. American Honda Motor Co., Inc., M.D. Florida, C.A. No. 8:05-1819

Hal Pilger v. American Honda Motor Co., Inc., N.D. Illinois, C.A. No. 1:05-5277

Richard Ammon v. American Honda Motor Co., Inc., D. Maryland, C.A. No. 1:05-2703

Pauline McDevitt v. American Honda Motor Co., Inc., D. Massachusetts, C.A. No. 1:05-12101

Scott Bonlender, et al. v. American Honda Motor Co., Inc., E.D. Wisconsin, C.A. No. 2:05-1098

No. 1737.

Judicial Panel on Multidistrict Litigation.

Feb. 24, 2006.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, Jr., KATHRYN H. VRATIL and DAVID R. HANSEN, Judges of the Panel.

*TRANSFER ORDER*

WM. TERRELL HODGES, Chairman.

This litigation currently consists of one action pending in each of the following districts: the Middle District of Florida, the Northern District of Illinois, the District of Maryland, the District of Massachusetts, and the Eastern District of Wisconsin. Defendant American Honda Motor Co., Inc. (Honda) moves the Panel, pursuant to 28 U.S.C. § 1407, for an order centralizing this litigation in the Central District of California. Plaintiffs in all actions have stipulated that the Central District of California is the most convenient transferee forum.

On the basis of the papers filed and hearing session held, the Panel finds that these five actions involve common questions of fact, and that centralization under Section 1407 in the Central District of

California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. These actions are putative statewide class actions that share factual questions regarding whether certain model year Honda CR–Vs and Honda Elements were defectively designed in that Honda: i) located the oil filter on the same side as, and very close to, the exhaust manifold; and ii) oriented the oil filter in a vertical, rather than horizontal, plane to the exhaust manifold, thereby creating a situation where engine oil leaking from the oil filter can spray in a vertical plane directly onto the hot exhaust manifold system and cause a vehicle fire. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the Central District of California is an appropriate transferee forum for this docket, in accordance with the unanimous support of the parties. Since Honda's principal place of business is located in this district, relevant documents and witnesses are likely located there. In addition, Honda reports that a nationwide, and earlier filed, putative class action is currently pending in California state court. Honda suggests that transfer to the Central District of California will facilitate coordination between the federal and state court actions.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions are transferred to the Central District of California and, with the consent of that court, assigned to the Honorable Manuel L. Real for coordinated or consolidated pretrial proceedings.